1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,          Case No.:  19-cr-1359-L
12                          Plaintiff,
                                        **ORDER DENYING MOTION TO**
13   v.                                 **RECONSIDER [ECF NO. 57]**
14   JOSE ROSALES
15                          Defendant.
16
17          Pending before the Court is Defendant Jose Rosales' Motion to Reconsider the
18   Order denying his motion for compassionate release.  [ECF No. 57.] The Government has
19   filed a response in Opposition, and Defendant has filed a Reply. [ECF Nos. 59, 63.]
20          I.      BACKGROUND
21          On March 16, 2021, Defendant, Jose Rosales, filed a Motion to Reduce Sentence
22   pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) requesting modification of his custodial
23   sentence in light of the health risks associated with remaining incarcerated during the
24   COVID-19 pandemic.  On May 28, 2021, this Court denied the motion, finding that
25   although Defendant's health conditions qualified as an extraordinary and compelling
26   reason for relief, and that he would not be a danger to the community upon release, a
27   sentence reduction would create sentence disparities among similarly situated defendants.
28   (Order at 4, 6, 9 [ECF No. 56.])  The Court noted that Defendant had already received a

1  significant downward departure from the original Guideline Range of 262 to 327 months

2  when he was sentenced to 60 months. (*Id*. at 9).

3      II.    DISCUSSION

4        A motion for reconsideration in a criminal case is subject to the same standard as

5  in a civil matter.  *United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000).

6  Accordingly, the Court follows the standards set forth in Rule 59(e) and Rule 60(b)

7  motions. *Id*.  Under Rule 59(e), courts are authorized to consider motions to alter or

8  amend a judgment, and may grant those motions if the judgment is based on a manifest

9  error of law or fact, among other grounds. *McDowell v. Calderon*, 197 F.3d 1253, 1255

10  n.1 (9th Cir. 1991). Under Rule 60(b), courts may grant relief from final judgments,

11  orders, or proceedings on one of six grounds, including mistake and newly discovered

12  evidence. Fed. R. Civ. P. 60(b). The trial court maintains discretion for motions brought

13  under either rule. *McDowell*, 197 F.3d at 1255 n.1 (Rule 59(e)); *Barber v. Hawai'i,* 42

14  F.3d 1185, 1198 (9th Cir. 1994) (Rule 60(b)).

15        Defendant argues that the Court committed a legal error or mistake because it

16  failed to consider if a sentence reduction was appropriate, and only considered whether a

17  time-served sentence was warranted.  (Motion at 1-2 [ECF No. 57.])  According to

18  Defendant, this "all or nothing approach" is contrary to law and overlooked Defendant's

19  request for a sentence reduction "in lieu of a time served sentence (if the Court deemed a

20  time-served sentence insufficient)". (*Id*.) Defendant seeks a 24-month reduction in his

21  sentence, contending that the exceptionally difficult circumstances of serving time in

22  custody during the COVID-19 pandemic warrant this reduction. (*Id*. at 8).  Defendant

23  claims, as he did in his earlier motion, that while a sentence reduction would not "erase

24  the risk posed to [him] by COVID-19, it would help remedy the disparity and account for

25  the harsh conditions [he] has already endured (which on their own may also be an

26  extraordinary and compelling circumstance." (Mot. at 3.) Defendant acknowledges that

27  he has refused to allow prison officials to give him the COVID-19 vaccine, but he

28  contends that fact should not negate the Court's prior finding that his asthma and obesity

constitute "extraordinary and compelling" reasons to reduce his sentence, particularly in light of the mistrust he has of prison medical services.  (Reply at 2-3).

In response, the Government contends there is nothing in this Court's prior order denying Defendant's motion for compassionate release that indicates the Court took an "all or nothing" approach by only considering its authority to reduce the sentence to time-served, rather than to lower Defendant's sentence.  (Oppo. at 2.)  Instead, the Government argues that the Court considered all of the same arguments Defendant raises here when it reached its decision.  (*Id*.) As a result, the record does not show that the Court made a manifest error of law or mistake.  (*Id*. at 3). In addition, the Government argues that Defendant's refusal to get the COVID-19 vaccine, negates any "extraordinary and compelling" reasons for a sentence reduction.  (*Id*.)

A.  *Sentence Reduction Under Section 3553(a)*

In arriving at its conclusion to deny Defendant's request for a sentence modification, the Court considered the arguments and facts presented in the moving papers, including the difficult circumstances of incarceration during the COVID-19 pandemic and Defendant's request for a sentence reduction, in addition to his request for a time-served sentence. The Court noted that "Defendant's time in custody has been marked by significant hardship" but Defendant had only served approximately twelve months of his custodial sentence of 60-months, concluding that granting the motion "would create sentencing disparities and would not serve the goals of specific and general deterrence." (Order at 9).  This is particularly true in light of the fact that Defendant had already received a significant downward departure from the Guideline Range of 262 to 327 months, to 60 months.  In so finding, the Court considered the request to reduce Defendant's sentence and determined that the § 3553(a) factors weighed against a modification. Even if the Court granted Defendant's specific request to reduce his sentence by 24 months, resulting in a sentence of 36 months, the same reasoning would hold true: Defendant has not yet served a meaningful portion of the sentence.

Defendant argues that a shorter sentence is sufficient to serve the purposes of incarceration because the harsh conditions caused by COVID-19 increased the severity of the sentence. In support of his argument he claims that this Court previously granted a motion for time served to a defendant based on the difficult circumstances created by the COVID-19 pandemic in *United States v. Rodriguez*. However, the facts and circumstances of that case are inapposite. In that case, defendant Rodriguez was serving a 21-month sentence for drug trafficking and had served over half of her sentence all during the COVID-19 pandemic. *See* 19-cr-1962 [ECF No. 49.] As a result, the Court concluded that her "time in custody has sufficiently reflected the seriousness of her offense, has been just punishment, and has served as specific and general deterrence." *Id*. at 10. In contrast, Defendant Rosales is serving a 60-month sentence and has served approximately 14 months of that sentence. Even if the Court reduced his sentence to 36-months, the 14 months he has served does not constitute a meaningful portion of that greatly reduced sentence.

The Court rejects Defendant's claim that this Court would have reduced his sentence below 60 months if he was sentenced during the pandemic to account for the harsher conditions. The Court sentenced Defendant on January 27, 2020. At that time, the extent and severity of COVID-19 was uncertain, with no reported cases in the United States. Accordingly, the Court could not have anticipated the change in conditions of confinement due to the pandemic in fashioning a custodial sentence, and would not have considered a further reduction. This is particularly true in light of the fact that Defendant received a significant reduction from both the low-end of the guideline range of 262 months, and the recommended sentence of 120 months by the Probation Department.

Finally, in determining that a sentence reduction of any kind was not warranted, the Court considered that Defendant "is now in a minimum-security camp, with individual cubicles, which improved his situation, and he is also taking advantage of GED classes to advance his education, which will assist him as he transitions out of custody." (Order at 9). These considerations continue to weigh against a sentence

19-cr-1359-L

reduction as Defendant's conditions of confinement have improved, and he is able to access educational services that will support his successful reintegration upon release.

For the foregoing reasons, the Court denies Defendant's motion for reconsideration.

### B. Extraordinary and Compelling Reasons

In its prior Order, the Court held that Defendant's severe asthma and obesity constitute "extraordinary and compelling reasons" to support a sentence reduction because of the risk of severe illness or death if he contracted COVID-19.  In its response to the current motion, the Government contends that Defendant has refused to have the COVID-19 vaccine administered to him, thereby not taking preventative measures to avoid contracting the virus.  (Opposition at 4).  As a result, the Government urges the Court to reconsider its earlier determination that Defendant's health conditions qualify as "extraordinary and compelling" reasons to grant a sentence reduction in light of this newly discovered evidence.  (*Id*. at 5).  Defendant claims that he has heard there are bad side effects to the vaccine, and that due to his asthma if he took "a vaccine that took less than a year of testing [it]might really be my down fall."  (Reply at 3).  Counsel for Defendant notes that Defendant reached this conclusion due to misinformation given to him, and that he "mistrusts the prison doctors." (*Id*.)

Despite considerable scientific research and the dissemination of accurate information through the Centers for Disease Control and other well-trusted authorities, many citizens have refused  the COVID-19 vaccine, risking serious illness and even death. Prisoners are no different. Although the percentage of individuals vaccinated helps prevent the spread of this virulent disease and the mutation of the virus such as the current Delta virus, prisoners like Defendant may still choose not to be vaccinated. However, Defendant's refusal to get the vaccination will not assist him, or other defendants, in securing a sentence reduction, because there is now a means by which prisoners with underlying health conditions may "provide self-care" within the prison environment.  U.S.S.G. § 1B1.13 cmt. 1(A)(ii).

III.   **CONCLUSION**

In light of the above, the Court **DENIES** Defendant's Motion for Reconsideration under Rule 59(e) and Rule 60(b).

**IT IS SO ORDERED**

Dated: August 6, 2021

_____
Hon. M. James Lorenz
United States District Judge

19-cr-1359-L